United States District Court
Southern District of Texas

**ENTERED**

February 22, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JACQUELINE C. N.G,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-4383** |
| | § | |
| **FRANK BISIGNANO,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jacqueline C. N.G. ("Plaintiff") filed this lawsuit against Defendant Frank Bisignano[1] ("Commissioner") seeking review of the denial of benefits under Title II of the Social Security Act. (ECF No. 1). Pending before the Court[2] are the Parties' cross-motions for summary judgment. (ECF Nos. 11, 17). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 11) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 17) be **DENIED**. The Court **FURTHER RECOMMENDS** the

---

[1] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025. Bisignano is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 3).

Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**.

## I.    Background

Plaintiff filed a claim for disability insurance benefits on May 3, 2021, alleging disability starting on August 1, 2019. (ECF No. 8-3 at 21).[3] Plaintiff's claims were initially denied by the Social Security Administration on June 17, 2022, and again on reconsideration on August 4, 2023. (*Id.*). On August 30, 2023, Plaintiff requested a hearing before an Administrative Law Judge. (*Id.*). On March 5, 2024, Administrative Law Judge Kelly Matthews (the "ALJ") held a telephonic hearing. (*Id.*). Plaintiff was represented by counsel at the hearing. (*Id.*). Byron J. Pettingill, a vocational expert ("VE"), appeared and testified at the hearing. (*Id.*).

On April 29, 2024, the ALJ issued a decision, finding Plaintiff not disabled at Step Five.[4] (*Id.* at 21–36). At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity from August 1, 2019, the alleged onset date, through June 30, 2022, her date last insured. (*Id.* at 23).

---

[3] The Administrative Record in this case can be found at ECF No. 8.

[4] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

At Step Two, the ALJ found Plaintiff has the following severe impairments: "history of cerebral vascular accident (CVA), left homonymous hemianopsia, diabetes mellitus, and major depressive disorder (MDD) (20 CFR 404.1520(c))." (*Id.*). At Step Three, the ALJ found Plaintiff: "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)" (*Id.* at 25). The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except she can occasionally climb ramps and stairs; but never climb ladders, ropes, or scaffolds. The claimant's vision is limited, so she can have only occasional exposure to workplace hazards such as unprotected moving machinery, unprotected heights, or commercial driving. She should not work where peripheral vision is frequently needed such as on an assembly line where objects would be coming towards her on either side where she would need to use her peripheral vision. She is able to understand, carry out and remember detailed but not complex instructions.

(*Id.* at 27). At Step Four, the ALJ found Plaintiff was unable to perform any past relevant work. (*Id.* at 34). At Step Five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform—such as a kitchen helper, hospital cleaner, and dining room attendant—and therefore Plaintiff was not disabled as defined under the Social Security Act. (*Id.* at 35–36).

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on September 4, 2024. (*Id.* at 2). Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II.   Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).   When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

### III.   Discussion

Plaintiff raises two issues on appeal: (1) the ALJ failed to consider all of Plaintiff's severe impairments; and (2) the ALJ's RFC finding is not supported by substantial evidence and results from legal error because it is not supported by any medical source of record and does not include the limiting effects of all of Plaintiff's impairments. (ECF No. 17 at 7). Conversely, Commissioner contends substantial evidence supports the ALJ's decision. (ECF No. 12 at 4–5).

a.  Step Two Finding

First, Plaintiff argues the evidence does not support the ALJ's finding that Plaintiff is capable of the physical demands of medium work.  (ECF No. 17 at 8).  Specifically, Plaintiff contends her "vision impairments, combined with [her] bilateral knee impairments and obesity would prevent Plaintiff from performing the exertional requirements of medium work." (*Id.* at 10–11).  For support, Plaintiff relies on an examination by Dr. Mark Sanders from December 2022. (*Id.* at 8–9).

In response, the Commissioner argues the ALJ's Step Two finding was supported by substantial evidence.  (ECF No. 21 at 3).  The Commissioner notes that Plaintiff relies upon "her singular appointment with Dr. Sanders to argue that her knee impairment was severe." (*Id.*).    However, the Commissioner adds that other examinations, both before and after Plaintiff saw Dr. Sanders, failed to show any abnormalities or limitations. (*Id.*).  For support, the Commissioner points out that the ALJ summarized, at length, a physical consultative examination of Plaintiff's visit with Dr. Cynthia Cotton in April 2022, who noted Plaintiff had a normal gait, could walk on heels and toes without difficulty, had a normal tandem walk, could hop on each foot, could squat 90%, had a normal stance, did not need help getting on and off the table, and could rise from a chair without difficulty. (*Id.*; ECF No. 8-9 at 480).

6

At Step Two of the ALJ's decision, the ALJ fully discussed the December 2022 visit that Plaintiff relies upon in her motion. (*See* ECF No. 8-3 at 24). However, the ALJ recognized that, during the same visit, "the general neurological examination in the extremities revealed the absence of abnormal coordination in any extremity." (*Id.* (citing ECF No. 8-11 at 61)). The ALJ also noted that nearly one year later, in October 2023, treatment records showed that Plaintiff could move all four extremities. (*Id.* (citing ECF No. 8-11 at 64)). Thus, the ALJ found "[t]he objective medical findings regarding [Plaintiff's bilateral knee degenerative joint disease] impairment fails to support a degree of limitation that significantly limits the claimant's mental or physical ability to perform work related activities." (*Id.*). As such, the ALJ explained that the impairment was not considered severe because the record does not establish that it causes significant limitations in the claimant's ability to perform basic work activities. (*Id.*).

Plaintiff does not address the evidence the ALJ relied on in coming to her conclusion. Rather, Plaintiff appears to simply disagree with the ALJ's findings. The question before this Court is whether substantial evidence supports the ALJ's decision. *Taylor*, 706 F.3d at 602. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez*, 415 F.3d at 461 (5th Cir. 2005) (internal quotations omitted). Plaintiff's "burden is not to highlight evidence contrary

7

to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Jones v. Saul*, No. 4:20-cv-772, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021).

"In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461. Based on the evidence relied upon by the decision, the ALJ's finding that Plaintiff's bilateral knee degenerative joint disease was not severe is supported by substantial evidence. Further, "Plaintiff's disagreement with the ALJ's . . . finding does not carry Plaintiff's burden of establishing that substantial evidence does not support the ALJ's determination." *Mary C. R. v. Kijakazi*, No. 3:20-cv-286, 2021 WL 4476764, at *5 (N.D. Tex. Sep. 30, 2021).

Plaintiff also briefly mentions her vision impairments and obesity. (ECF No. 17 at 10–11). The ALJ acknowledges Plaintiff's issues with vision loss and obesity at Step Two, noting "the claimant's obesity has not been addressed by an acceptable medical source, and there is no evidence of limited functioning, secondary to obesity." (ECF No. 8-3 at 24). Further, the ALJ addressed Plaintiff's vision issues and found the evidence did not support a finding that it should limit Plaintiff's RFC. (*Id.* at 28). The ALJ also specifically addressed the medical records Plaintiff mentions in her motion. (*Id.* at 30). Again,

outside of disagreeing with the ALJ's findings, Plaintiff fails to show substantial evidence does not support the ALJ's determination.

As such, the Court finds Plaintiff fails to show that the ALJ erred in evaluating the severity of her impairments or in accommodating her impairments in the RFC. "This Court cannot resolve conflicts of or reweigh the evidence." *Mary C. R.*, 2021 WL 4476764, at *5.

    b. <u>The RFC</u>

Second, and similar to above, Plaintiff argues the ALJ's RFC fails to include all of Plaintiff's documented impairments. (ECF No. 17 at 12). Plaintiff reiterates that the RFC does not account for her bilateral knee impairments, vision impairments, or obesity. (*Id.*). As discussed, the Court finds Plaintiff's argument regarding her bilateral knee impairment and obesity to be without merit. Further, as noted by the Commissioner (ECF No. 21 at 6), the ALJ specifically addresses Plaintiff's vision in the RFC (ECF No. 8-3 at 27).

Plaintiff adds that the ALJ failed to consider Plaintiff's hypertension, noting she has frequent bouts of confusion and received hypertension diagnoses. (*Id.*). In response, the Commissioner argues "the ALJ acknowledged Plaintiff's complaint of confusion related to her one-time experience of hypertensive encephalopathy, and general complaints of difficulty with memory and concentration." (ECF No. 21 at 8 (citing ECF No.

8-3 at 30–31)). Further, "diagnosis is not, itself, a functional limitation." *Dise v. Colvin*, 630 F. App'x 322, 326 (5th Cir. 2015).

Plaintiff also argues that the evidence fails to support a finding that Plaintiff can perform detailed work. (ECF No. 17 at 13). The ALJ explained that in finding Plaintiff could understand, carry out, and remember detailed but not complex instruction, the ALJ considered Plaintiff's allegations regarding her memory. (ECF No. 8-3 at 32). However, the ALJ noted that Plaintiff reported she was able to follow instructions (*Id.* (citing ECF No. 8-7 at 33; ECF No. 8-7 at 63)). The ALJ also considered evidence where Plaintiff's memory functions were found to be fair. (*Id.* (citing ECF No. 8-9 at 469). Again, while Plaintiff points out evidence to support her argument that she cannot perform detailed work, the Court cannot reweigh evidence. What Plaintiff fails to do is explain how the evidence the ALJ used to support her decision should not amount to substantial evidence.

Lastly, Plaintiff argues substantial evidence does not support a finding that Plaintiff can perform the six to eight hours of walking and standing required for medium work. (ECF No. 17 at 16). The Commissioner responds that "Plaintiff's argument depends upon a recitation of clinical findings, many of which the ALJ specifically discussed in the decision, including when explaining the finding that Plaintiff could perform medium work." (ECF No.

10

21 at 9 (citing ECF No. 8-3 at 30–31)). In explaining the ALJ's decision to restrict Plaintiff to medium exertion, the ALJ stated the following:

> The claimant's restriction to medium exertion with postural, visual, and environmental restrictions considers the combined effects of her history of CVA, left homonymous hemianopsia, and diabetes mellitus. This considers the findings of a defect in the left periphery (Exhibit 13F/5) and decreased pinprick and light touch sensation in her feet greater than the hands (Exhibit 25F/21). However, treatment records show the claimant's heart had a regular rate and rhythm with no murmur (Exhibits 6F/4 and 7F/4), and her gait was normal without an assistive device (Exhibit 13F/4). Her strength was five out of five in upper and lower extremities, and her motor tone was normal (Exhibit 13F/5). The claimant's hand and finger dexterity were intact, and her grip strength was five out of five bilaterally (Exhibit 13F/5).

(ECF No. 8-3 at 31). Plaintiff provides no argument as to how the evidence relied upon by the ALJ in her decision does not amount to substantial evidence.

As discussed, it is evident that Plaintiff disagrees with the ALJ's decision. However, if the ALJ's findings are supported by substantial evidence, they are conclusive. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Here, the Court finds substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act.

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 11) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 17) be **DENIED**. The Court

**FURTHER RECOMMENDS** the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 20, 2026.

Richard W. Bennett
United States Magistrate Judge