United States District Court
Southern District of Texas

**ENTERED**

March 10, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE CHERYL NEWTON GREEN, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-04383 |
| MARTIN O'MALLEY, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court are United States Magistrate Judge Richard W. Bennett's Memorandum and Recommendation filed on February 20, 2026 (Doc. #22) and Plaintiff Jacqueline Cheryl Newton Green's ("Plaintiff") Objections (Doc. #23). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the Memorandum and Recommendation, Plaintiff's Objections, and applicable legal authority, the Court adopts the Memorandum and Recommendation as this Court's Order.

Plaintiff filed this action on November 8, 2024, alleging that the Social Security Administration Commissioner Frank Bisignano[1] ("Commissioner") improperly denied her application for disability insurance benefits, with a disability onset date of August 1, 2019. Doc. #1. Plaintiff seeks judicial review under 42 U.S.C. § 405(g), challenging the Administrative Law

---

[1] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025. Bisignano is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also 42* U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Judge's ("ALJ") finding that her bilateral knee impairments were not severe and that her residual functional capacity ("RFC") did not require additional limitations to accommodate her vision and other impairments. Doc. #17. Following administrative proceedings, on April 29, 2024, ALJ Kelly Matthews determined Plaintiff was not disabled at Step Five of the five-step sequential evaluation.[2] Doc. #22 at 2–3. The Appeals Council denied review on September 4, 2024, rendering the ALJ's decision the Commissioner's final decision. *Id.* at 4. In his Memorandum and Recommendation, Magistrate Judge Bennett recommends the Court affirm the Commissioner's decision. Doc. #22.

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence, and (2) whether the Commissioner applied proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion"—more than a scintilla but less than a preponderance. *Perez*, 415 F.3d at 461. The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Taylor*, 706 F.3d at 602 ("Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.").

In her first objection, Plaintiff argues the ALJ applied an incorrect severity standard under *Stone v. Heckler* when determining that her bilateral knee impairments were not severe, and that the evidence does not support a non-severity finding. 752 F.2d 1099, 1101 (5th Cir. 1985); Doc.

---

[2] The five-step evaluation process of a disability claim consists of: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

#23 at 3–9. Plaintiff contends the ALJ erroneously relied on neurological findings—specifically, heel-to-knee-to-shin and finger-to-nose tests—that assess cerebellar function rather than knee limitations. *Id.* at 7–8. Even assuming the ALJ applied an imprecise severity standard, remand is required only upon a showing of prejudice, meaning that a different outcome "might" have resulted from the error. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ found at least one severe impairment at Step Two, proceeded through the remainder of the sequential evaluation, and conducted an RFC analysis accounting for the combined effects of Plaintiff's impairments. Doc. #22 at 3. The ALJ's Step Two finding is supported by substantial evidence, including the April 2022 consultative examination by Dr. Cynthia Cotton documenting normal gait, normal tandem walk, full squat capacity, and the ability to walk on heels and toes without difficulty. Doc. #22 at 6. Plaintiff's disagreement with the ALJ's weighing of the December 2022 Sanders examination against these findings does not establish the absence of substantial evidence. *See Jones v. Saul*, No. 4:20-cv-772, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021) (plaintiff's burden is to show the absence of substantial evidence supporting the ALJ's decision, not merely to highlight contrary evidence). Accordingly, this objection is overruled.

Plaintiff next argues the ALJ's RFC determination is unsupported by substantial evidence because it fails to include limitations from her vision impairments, bilateral knee impairments, obesity, and hypertension. Doc. #23 at 11–20. Specifically, Plaintiff contends the RFC should have incorporated the left-side near acuity, far acuity, depth perception, and field-of-vision limitations opined by the initial state agency physician—an opinion the ALJ herself deemed persuasive—as well as the more restrictive vision limitations described by examining ophthalmologist, Dr. Khokhar. *Id.* at 13–19. An RFC determination need not mirror any particular medical opinion; the ALJ is required to consider all relevant medical and non-medical evidence and explain the basis for the ALJ's functional findings. *Masterson v. Barnhart*, 309 F.3d 267, 272

3

(5th Cir. 2002); 20 C.F.R. § 404.1545(a)(3). The ALJ's decision addressed Plaintiff's vision impairments in the RFC by limiting her to occasional exposure to workplace hazards and precluding work requiring frequent peripheral vision, and she explained her assessment of the relevant opinion evidence, including those of Dr. Khokhar and the state agency physicians. Doc. #22 at 3, 10. Plaintiff's objection amounts to a request that the Court reweigh conflicting evidence, which falls outside the scope of judicial review. *Perez*, 415 F.3d at 461. Thus, this objection is overruled.

Plaintiff also objects that the ALJ's finding that she can perform detailed but not complex work is unsupported, arguing that the opinions of examining psychologist Dr. Osborn and the state agency psychologist at the reconsideration level support a limitation to simple work. Doc. #23 at 17–19. The ALJ evaluated the persuasiveness of each medical opinion based on supportability and consistency with the record as a whole. 20 C.F.R. § 404.1520c(b)(2). The ALJ found the initial state agency psychologist's opinion—which assessed capacity for detailed but not complex work with moderate limitations—to be persuasive, noting Plaintiff's reported ability to follow instructions and fair memory function, and discounted the more restrictive opinions of Dr. Osborn and the reconsideration-level psychologist. Doc. #22 at 10. The existence of contrary evidence does not negate substantial evidence supporting the ALJ's determination. *Jones v. Saul*, 834 F. App'x 839, 842 (5th Cir. 2020). Likewise, this objection is overruled.

Plaintiff further argues that substantial evidence does not support the finding that she can perform the six to eight hours of walking and standing required of medium work. Doc. #23 at 19-21. The ALJ explained that the medium exertion restriction accounts for the combined effects of Plaintiff's history of cerebral vascular accident, left homonymous hemianopsia, and diabetes mellitus, supported by treatment records documenting normal gait without an assistive device, five-out-of-five strength in all extremities, normal motor tone, and intact hand and finger dexterity.

4

Doc. #22 at 11. Plaintiff's reliance on the antalgic gait documented in the December 2022 Sanders examination does not compel a different conclusion. The ALJ weighed that finding against the April 2022 consultative examination by Dr. Cotton—which documented normal gait, the ability to walk on heels and toes without difficulty, and full squat capacity—all recorded less than eight months prior, and against October 2023 treatment records confirming Plaintiff could move all four extremities. Doc. #22 at 6-7. It is the ALJ's province to resolve such conflicts in the medical record, and the Court may not substitute its own assessment of the evidence. *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015). Accordingly, Plaintiff has not demonstrated that the evidence the ALJ relied upon fails to constitute substantial evidence. As such, this objection is overruled.

Finally, to the extent Plaintiff's objections raise new legal theories or causes of action not previously asserted in her Complaint or in briefing before Judge Bennett, those arguments are not properly before the Court and will not be considered. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (noting that "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge").

In conclusion, the Court adopts the Memorandum and Recommendation (Doc #22) as its Order. Accordingly, Defendant Commissioner's Motion for Summary Judgment (Doc. #11) is GRANTED, Plaintiff's Motion for Summary Judgment (Doc. #17) is DENIED, the Commissioner's decision is AFFIRMED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk of Court is DIRECTED to close this case.

It is so ORDERED.

**MAR 1 0 2026**

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

5